IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMILLA RICHEY <br> 51 Washington Street, Apt. 272 <br> Conshohocken, PA 19428 <br> <br> Plaintiff, <br> v. <br> <br> THE PHILADELPHIA REGIONAL <br> PORT AUTHORITY d/b/a PHILAPORT, <br> THE PORT OF PHILADELPHIA <br> 3460 North Delaware Ave., 2nd Floor <br> Philadelphia, PA 19134-1163 <br> <br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO.: _____ <br> <br> JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, Camilla Richey ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant The Philadelphia Regional Port Authority d/b/a PhilaPort, The Port of Philadelphia ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff initiates this action contending that Defendant violated her rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*.

2. In relevant part, Plaintiff contends that Defendant unlawfully retaliated against her for reporting and opposing sexual harassment in violation of Title VII, ultimately terminating her employment for engaging in protected activity under the same.

## PARTIES

3. Plaintiff Camilla Richey is a resident of Pennsylvania and currently maintains a residence at 51 Washington Street, Apt. 272, Conshohocken, PA 19428.

4. Upon information and belief, Defendant The Philadelphia Regional Port Authority d/b/a PhilaPort, The Port of Philadelphia is an independent governmental agency of the Commonwealth of Pennsylvania, and therefor a "person" and employer within the meaning of Title VII.  See 42 U.S.C. § 2000e(a).

## JURISDICTION AND VENUE

5. Paragraphs 1 through 4 are hereby incorporated by reference as though the same were fully set forth at length herein.

6. On or about May 8, 2025, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e).  Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2025-05973.  Plaintiff's EEOC was filed within one hundred and eighty (180) days of the unlawful employment practices alleged herein.

7. On or about September 15, 2025, the EEOC issued a Dismissal and Notice of Right to Sue advising Plaintiff that she had ninety (90) days to file suit against Defendant.

8. On October 27, 2025, within the statutory timeframe applicable to her complaint, Plaintiff filed the instant action.

9. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

10. This action is authorized and initiated pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1, *et seq*.

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Defendant resides in this judicial district, doing business therein, and the events giving rise to this action occurred in this judicial district.

## FACTUAL ALLEGATIONS

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. Plaintiff commenced her employment with Defendant on or around August 26, 2024 in the position of Director of Human Resources.

15. In that capacity, Plaintiff performed her job well, receiving positive feedback regarding her performance and, until the sudden and retaliatory termination described below, no disciplinary action.

16. On or around October 9, 2024, Plaintiff engaged in legally-protected activity under Title VII when she opposed the sexual harassment of a female coworker who had complained to Plaintiff that her male coworker's flirtatious behavior was making her uncomfortable.

17. On October 23, 2024, Plaintiff was herself subjected to unwelcome sexual advances by one of her coworkers, Lunnon Sears ("Mr. Sears"), Head of Procurement, who had begun working for Defendant approximately two (2) weeks previously.

18. Specifically, during the course of a work-related meeting, Mr. Sears told Plaintiff, "My wife can't have sex at all. I was just wondering if you would be interested in having sex with me so I could have sex."

19. Plaintiff was taken completely by surprise and did not know how to respond, except to say," That is so inappropriate. I don't really know how to handle you saying that."

3

20. Mr. Sears replied, "I'm proposing that you and me have sex."

21. Plaintiff responded, forcefully, "That can't happen."

22. Following this exchange, Plaintiff went immediately to Defendant's CEO, Jeff Theobald ("Mr. Theobald"), and notified him of Mr. Sears' sexually-inappropriate conduct.

23. Mr. Theobald responded, "What the fuck?" and "We need to fire him."

24. Mr. Theobald then directed Plaintiff to Defendant's Chief Counsel, Colette Pete, Esq. ("Ms. Pete").

25. Plaintiff explained what happened to Ms. Pete and how uncomfortable it had made her.

26. Unlike Mr. Theobald, Ms. Pete appeared to remain neutral as Plaintiff described what happened, merely taking notes.

27. Ms. Pete did not follow up with Plaintiff regarding her complaint of sexual harassment for about one week, and then only explaining that she had a "brief interview" with Mr. Sears.

28. When Plaintiff asked how it went, Ms. Pete told her, "We'll see, I'll have to talk to him further."

29. Following her complaint, Plaintiff noticed her colleagues, including Mr. Sears, Ms. Pete, and Brian Gocial ("Mr. Gocial"), Deputy Chief Counsel, seem to pull away from and avoid interacting with her.

30. For example, whereas they used to greet Plaintiff in the hallways and invite her in to chat, they now seemed to be avoiding her, declining to make eye contact and becoming terse and curt in tone during their interactions.

31.    On November 14, 2024, just three (3) weeks after reporting the above sexual harassment, Plaintiff was abruptly terminated, allegedly "for cause" for "making inappropriate comments to members of the Legal Department."

32.    Because Plaintiff had no idea what Defendant was referring to, Plaintiff asked Mr. Theobald (and Ms. Pete) for an explanation.

33.    Mr. Theobald responded, "We know this is a difficult decision. But we don't have to answer that because you're still under the probationary period."

34.    Defendant subsequently replaced Plaintiff in her role.

35.    Defendant also terminated Mr. Sears, concluding that he had acted inappropriately towards Plaintiff.

36.    Based on the aforementioned, Plaintiff contends Defendant retaliated against her for opposing and reporting sexual harassment, ultimately terminating her employment because of the same in violation of Title VII.

37.    As a result of the retaliation to which Plaintiff was subjected, Plaintiff has suffered damages in the form of, *inter alia*, emotional distress, humiliation, and anxiety, as well as loss of employment.

38.    Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

39.    Plaintiff has, because of her unlawful termination from employment, struggled to obtain other employment and has been and will be forced to expend significant out of pocket expenses on health care.

40.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion

benefits, earnings and earnings potential, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to her professional reputation.

## COUNT I
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000e, *et seq.*
## RETALIATION

41. Paragraphs 1 through 40 are hereby incorporated by reference as though the same were fully set forth at length herein.

42. Defendant employed in excess of fifteen (15) employees at all times relevant hereto.

43. As a female, Plaintiff was a member of a protected class under Title VII.

44. Plaintiff engaged in protected activity under Title VII as aforesaid.

45. Defendant retaliated against Plaintiff for engaging in protected activity by terminating her employment.

46. Plaintiff was replaced by another individual following her termination.

47. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

48. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered and is suffering significant mental, emotional, psychological, physical, and economic damages, including, but not limited to, loss of income, earnings, and earnings potential.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

    a)    Back wages and front pay, in an amount to be determined at trial;

    b)    Compensatory damages for emotional distress, humiliation, and damage to professional reputation in an amount to be determined at trial;

    c)    Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this matter;

    d)    Pre-judgment interest in an appropriate amount; and

    e)    Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:   /s/ Michael Groh
Michael Murphy, Esq.
Michael Groh, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: October 27, 2025

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.